NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILAGRO DE LA PAZ ROMERO-MOLINA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-72295<br><br>Agency No. A095-760-735<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021**
Withdrawn from Submission February 9, 2021
Resubmitted August 6, 2021
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Milagro Romero-Molina, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") decision dismissing her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. In her opening brief, Romero-Molina does not challenge the BIA's determination that her asylum application was untimely. Thus, she has waived this issue and we do not reach the merits of her asylum claim. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

2. Substantial evidence supports the BIA's determination that Romero-Molina failed to meet her burden for withholding of removal. First, the record does not compel the conclusion that the harm she suffered rose to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("[C]redible death threats alone can constitute persecution . . . [but] in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (internal citations and quotation marks omitted)). Second, substantial evidence supports that Romero-Molina's proposed particular social group of "witnesses to crimes perpetrated by gang members or

leaders in El Salvador" was not cognizable because it lacked particularity and social distinction. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242-44 (9th Cir. 2020). Third, the record does not compel the conclusion the Salvadoran government would be unable or unwilling to protect her. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

3. Finally, substantial evidence supports the BIA's denial of CAT relief because Romero-Molina failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-34 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED**.